The People of the State of New York ex rel. John Wesley Bishop and Wilbur F. Hill *v.* Zachariah Palen and George W. Beesmer.

*The excise commissioners' test oath is unconstitutional — section 3 of chapter 163 of Laws of 1890.*

The requirement of section 3 of chapter 163 of the Laws of 1890, that every excise commissioner must make and file an oath that he is not interested in the manufacture or sale of intoxicating liquors, and that a failure so to do shall disqualify him from holding the office, is null and void, because repugnant to article 12 of the Constitution of the State of New York, which provides that no other oath, declaration or test, than the oath therein prescribed, shall be required as a qualification for any office of public trust.

A hearing at General Term in the first instance, ordered by the court at the Ulster Circuit, on the 11th day of April, 1893, after directing of its own motion, pursuant to section 1185 of the Code of Civil Procedure, the rendition of a verdict for the defendants, subject to the opinion of the court at General Term.

*S. W. Rosendale* and *J. G. Van Etten*, for the plaintiffs.

*Brinnier & Newcomb*, for the defendants.

Herrick, J. :

This is an appeal from a judgment entered upon the verdict of a jury rendered by direction of the court, subject to the opinion of the court at General Term, and ordered by the court to be heard in the first instance at General Term.

On the 3d day of March, 1891, the relator John Wesley Bishop was elected excise commissioner of the town of Olive, county of Ulster. He filed what purported to be his official oath and bond on the 11th day of March, 1891, but did not take or file the oath required by chapter 163 of the Laws of 1890 until the 9th day of April, 1892.

The relator Wilbur F. Hill was elected excise commissioner of the town of Olive, county of Ulster, on the 1st day of March, 1892, and on the 7th day of March, 1892, he filed with the town clerk

papers purporting to be his official oath and bond, but did not take or file the oath required by said chapter 163 of the Laws of 1890 until the 8th day of April, 1892.

On the 16th day of April, 1892, the town board of the said town of Olive declared the offices of excise commissioners, to which said relators had been elected, as before stated, to be vacant, for the reason that the relators had not filed the oath required by chapter 163 of the Laws of 1890, and thereafter proceeded to appoint the defendants, Zachariah Palen and George W. Beesmer, excise commissioners, to fill said vacancies; Palen and Beesmer thereafter and in due time took and filed the necessary oaths of office, including the one required by chapter 163 of the Laws of 1890, together with their official bonds, with the town clerk, and thereafter, with one Albert Elmendorp, the other excise commissioner of said town, met and organized as the excise board of said town and granted licenses as such board of excise, and received the money therefor. Thereafter this action was commenced asking for a judgment upon the right of the said John Wesley Bishop and Wilbur F. Hill to hold the office of excise commissioner of said town, and that the defendants be adjudged to have no just or legal right to hold, occupy or exercise the duties of said office of excise commissioner, and that the said defendants be ousted and excluded from the office of commissioner of excise of the town of Olive.

Section 1 of chapter 163 of the Laws of 1890 enacted that "It shall be unlawful for any excise commissioner * * * in the several villages, towns and cities of this State, to be, either directly or indirectly, interested in the manufacture or sale of spirituous or malt liquors, ales, wines or beer." Section 3 of the same act provides that "Every excise commissioner * * * in the several villages and cities of this State shall, within thirty days after the passage of this act, make and subscribe an oath * * * to the effect that he is neither directly or indirectly interested in the manufacture or sale of any spirituous or malt liquors, ales, wine or beer, and such of the above-named officers as are hereafter elected or appointed shall make and subscribe such oath and file the same * * * in the clerk's office of the town or village or with the police department of a city," and it further provides that the "failure to take the oath * * * shall disqualify any one from

holding, or debar any one from continuing to hold, any office or position mentioned in this act."

. Section 51 of chapter 569 of the Laws of 1890 provides that "Every person elected or appointed to any town office, except justice of the peace, shall, before he enters on the duties of his office, and within ten days after he shall be notified of his election or appointment, take and subscribe, before some officer authorized by law to administer oaths in his county, the constitutional oath of office, and such other oath as may be required by law, which shall be administered and certified by the officer taking the same, without reward, and shall within eight days be filed in the office of the town clerk, which shall be deemed an acceptance of the office; and a neglect or omission to take and file such oath, or a neglect to execute and file, within the time required by law, any official bond or undertaking, shall be deemed a refusal to serve, and the office may be filled as in case of vacancy."

The relators, it appears from the case, were ignorant of the requirement of chapter 163 until about the time they took the oath thereby required and filed the same in the town clerk's office. It will be seen, from what I have stated in regard to the requirement of said chapter 163 and from section 51 of chapter 569 herein set forth, that the relators come squarely within the provisions of these two statutes, and by their failure to take and file the oath provided for in chapter 163 of the Laws of 1890, as therein set forth, and as provided for in chapter 569 of the Laws of 1890, they were disqualified and debarred from holding the office of excise commissioner, provided the law requiring such oath to be taken and filed was one that the Legislature had power to pass.

That portion of chapter 163 of the Laws of 1890, which provides for taking and filing the oath, to the effect that the person so taking and filing it has not been engaged, either directly or indirectly, in the manufacture or sale of intoxicating liquors, and disqualifying him from holding or continuing to hold office unless he does take such oath, is challenged as repugnant to article 12 of the Constitution of the State of New York. That article, after prescribing the form of the oath to be taken by members of the Legislature and executive and judicial officers, except such inferior officers as shall be by law exempted, concludes with the following sentence: "No other oath,

declaration or test shall be required as a qualification for any office of public trust." This last clause of the article does not prohibit the Legislature from prescribing qualifications as to fitness for office, but does prohibit requiring the candidate to take any oath or declaration as to such qualification or fitness; it may undoubtedly prescribe tests by which the candidate's fitness for the position aspired to may be demonstrated, and it may impose certain conditions as to experience or fitness, as in requiring that the holder of certain offices shall be above the age of twenty-one years; that inspectors of election shall be able to read and write; that the holders of specific offices shall be civil engineers or attorneys and counselors at law; but it prohibits the requiring of any qualifications which are measured or determined by the oath or declaration of the candidate for office himself.

The article in question is a limitation upon the qualifications of office holders which may be imposed or required by the Legislature; it is an exclusion of anything in the nature of an oath except the one therein set forth. Some of the reasons that inspired the adoption of this clause of the Constitution in question are set forth in *Rogers* v. *Common Council of the City of Buffalo* (123 N. Y. 173).

To the reasons there set forth it may be added that the multiplying of oaths had become a great abuse, and the solemn and binding effect intended had been weakened by the number required; the extremely conscientious were debarred from seeking or holding offices of public trust; and, in addition, it was obnoxious to the spirit of the common law to require a person to be a witness against himself in any matter that might lead to the imposition of a fine, penalty or forfeiture. (*Counselman* v. *Hitchcock*, 142 U. S. 547, and cases cited.)

All these things doubtless inspired the framing of the clause referred to, and it should be strictly construed for the purpose of carrying into effect its undoubted spirit and intent.

Qualification in one sense means fitness for; in another the doing of some act as a condition of taking or holding office.

Qualify. "To make oath to any fact; to take the oath of office before entering upon its duties." (Century Dictionary; see, also, Worcester's Dictionary.)

Qualification. "That which qualifies a person to render him admissible to or acceptable for a place, an office or employment." (Century Dictionary; also, Rapalje & Lawrence Law Dictionary.)

The word is used in the Constitution in the sense of something to be done before taking office, as a condition of holding it; in the sense of taking an oath of office, not in the sense of fitness.

That the oath prescribed by section 3 of chapter 163 of the Laws of 1890 is a requirement or qualification for holding office seems to me can admit of no discussion; the failure to take it disqualifies the person from holding, and prohibits him from continuing to hold, any of the offices mentioned in the act; it is something to be done by him before he can hold office.

The statute in question is a law that increases the number of oaths to be taken by office holders; it is a law compelling a person to be a witness against himself in a matter which may lead to a forfeiture; it is a law requiring something to be done by the candidate as a condition of his holding office; it requires an additional qualification by him to that set forth in article 12 of the Constitution; it requires an additional oath of office, and it seems to me very clearly to be not only a violation of the spirit and intent, but of the very letter of the Constitution, and, therefore, null and void. It follows that the relators were not required, as a condition of holding the office of excise commissioner, to take the oath therein provided for. The facts being undisputed and a verdict having been rendered subject to the opinion of the General Term, the judgment entered thereon should be reversed and judgment ordered as prayed for in the complaint of the plaintiffs. Let judgment be entered accordingly, with costs.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment reversed and judgment directed for plaintiffs as demanded in their complaint, with costs.