(39 Misc. Rep. 578.)

### STRYKER v. CHURCHILL.

(Supreme Court, Special Term, Greene County. January, 1903.)

1. CONSTITUTIONAL LAW—OATH OF OFFICE.

Pen. Code, § 41x, providing that where an elected candidate fails for 10 days after the election to file an itemized, verified statement of his election expenses, he shall forfeit his office, is in violation of Const. art. 13, § 1, as prescribing an oath of office different from the one therein required; such section further declaring that "no other oath, declaration, or test shall be required as a qualification for any office of public trust."

2. RULE TO SHOW CAUSE—AFFIDAVIT.

Under Code Civ. Proc. § 780, providing for a rule to show cause, without notice of motion, on an affidavit showing grounds therefor, and Gen. Rules Prac. Sup. Ct. No. 37, an affidavit for an order to show cause must set forth all the facts required by such section or by such rule of practice to be stated for that purpose.

Action by Taylor Stryker against Henry D. Churchill. Order to show cause vacated and injunction dissolved.

At the general election in 1901, the plaintiff and defendant were each candidates for the office of commissioner of highways of the town of Cairo. The certified statement of the canvassers of election of the town of Cairo found that the defendant had one more vote than the plaintiff for such office. The plaintiff herein expressly alleges that he does not claim the office by virtue of the election held November 5, 1901, "but by virtue of an appointment thereto by the town board of said town to fill a vacancy caused by the resignation of the incumbent thereto before the expiration of his term." Such appointment of the plaintiff was made December 26, 1901. Upon such appointment being made, the plaintiff entered into the possession of said office. The defendant has filed his oath of office and bond, and demanded from the plaintiff all books and papers of said office, which demand the plaintiff refused to comply with. The defendant thereupon commenced proceedings to compel the plaintiff to deliver to him the said books and papers, and such proceedings were directed to be heard before the said county judge on the 24th day of December, 1902. The plaintiff alleges that the defendant did not within 10 days after the election, to wit, on November 15, 1901, file in the office of the town clerk, or in any other office, an itemized and verified statement of the moneys he had contributed and expended in aid of his election, as provided for by section 41x of the Penal Code, and that by such neglect he has forfeited his office. Upon the summons and complaint in this action, together with an affidavit of the plaintiff's attorney setting forth, amongst other things, the foregoing facts, the plaintiff on the 23d day of December, 1902, obtained from a justice of this court an order restraining the defendant from prosecuting such proceedings before the county judge to compel the plaintiff to deliver to the defendant the books and papers belonging or pertaining to the office of commissioner

·of highways of the said town of Cairo, and from instituting or prosecuting ·any other proceeding for that purpose, except an action in the nature of quo warranto, and also enjoining and restraining the county judge from the further hearing of such proceedings until the further order of the court; and it was also further ordered that the defendant show cause before this court, at a special term thereof to be held on the 17th day of January, 1903, why such injunction should not be made permanent during the pendency of this action. And it further provided that the service of a copy of such order should be made on or before December 24, 1902. The defendant made a motion at a special term of this court held on the 10th day of January, 1903, to vacate such order to show cause and to dissolve the injunction.

Lewis E. Carr, for plaintiff.
Clarence E. Bloodgood, for defendant.

HERRICK, J. An order to show cause takes the place of a notice ·of motion, and cannot be substituted therefor, except in the manner particularly pointed out and authorized by section 780 of the Code of Civil Procedure, and by rule 37 of the General Rules of Practice of the Supreme Court. The affidavit upon which the order to show cause herein was granted sets forth none of the matters required by such section of the Code or by such rule of practice to be stated for that purpose. The plaintiff had ample time to give the regular notice of motion, and therefore there was no occasion for the order to show cause, and the same was improperly granted, and should therefore be vacated.

It is claimed, however, that, even although the order to show cause should be vacated, the injunction embodied in the same order may stand. Without discussing that as a matter of practice, and as to whether, when both matters are so coupled together in the same order, the vacating of one portion does not cause the other to fall with it, it seems best to me to treat that branch of the matter upon its merits. The plaintiff's action is entirely based upon the defendant's failure to file the sworn statement prescribed by section 41x of the Penal Code, and it is claimed that by his failure to do so he has forfeited his office. So far as that section provides for the forfeiture of the office by failure to make and file the oath prescribed, it is repugnant to article 13 of the Constitution of· the state of New York. That article, after prescribing the form of oath to be taken by the members of the Legislature, and all officers, executive and judicial, except such inferior officers as shall be.by law exempted, concludes, "And no other oath, declaration or test shall be required as a qualification for any office of public trust." The section of the Penal Code referred to is the requirement of an oath other than that prescribed by the Constitution as a condition for holding public office, and seems to me, theefore, to be in direct conflict with such ·Constitution.

The principle involved in this case was directly passed upon in the case of People ex rel. Bishop v. Palen, 74 Hun, 289, 26 N. Y. Supp. 225. I cannot see any distinction in principle between that case and the one now under consideration. That portion, therefore, of section 41x of the Penal Code that makes the failure to file the sworn ·statement therein prescribed a forfeiture of office is repugnant to the

Constitution, and void. For these reasons, the order to show cause is vacated, and the injunction dissolved, with $10 costs of motion.

Order to show cause vacated and injunction dissolved, with $10 costs.