(40 Misc. Rep. 139.)

PEOPLE ex rel. STRYKER v. VAN BERGEN, Sheriff.

(Supreme Court, Special Term, Rensselaer County. February, 1903.)

1. COUNTY JUDGE—JURISDICTION—ADJOURNMENT.

The county judge required a person appointed to fill an alleged vacancy in an office, under Code Civ. Proc. § 2471a, to deliver the books and papers to a claimant by election to the office. By an order of the Supreme Court, the judge was restrained from further hearing of the proceeding. Without communicating or making any entry of his determination, he held open the proceeding for 24 days, until the restraining order was vacated, and then, without notice, inquired into the circumstances, and, there being no appearance for such appointee, committed him to jail until he delivered the books and papers or was discharged according to law. *Held*, that the judge, by holding open the proceedings, and not adjourning them for a definite time, as required by Code Civ. Proc. § 2471a, lost jurisdiction.

2. CONTEMPT—COMMITMENT.

An order directing the commitment of a person appointed to fill a vacancy in office for failing to surrender its books and papers is fatally defective, where it fails to definitely describe the books and papers to be delivered.

Application by the people, on the relation of Taylor Stryker, for writ of habeas corpus to Henry Van Bergen, sheriff. Relator discharged.

Lewis E. Carr, for relator.

Clarence E. Bloodgood, for defendant Churchill.

HOWARD, J. A proceeding was instituted in behalf of Henry D. Churchill before the county judge of Greene county, under section 2471a of the Code of Civil Procedure, to compel Taylor Stryker to deliver to him the books and papers belonging or appertaining to the office of commissioner of highways of the town of Cairo, in said county. The order of the county judge was made returnable on the 24th day of December, 1902. On such return day, before any hearing thereon, the county judge was served with an order of the Supreme Court, in an action wherein Taylor Stryker was plaintiff and Henry D. Churchill defendant, enjoining and restraining him from the further hearing of such proceeding. 39 Misc. Rep. 578, 80 N. Y. Supp. 588. This order was subsequently vacated, and the county judge served with a copy of the order. When the county judge was served with the injunction order restraining him from proceeding with the matter, he did not adjourn the proceeding, but, to use his own language, "held it open," and continued it until the 17th day of January, 1903, and on that day proceeded to inquire into the circumstances; and there being no appearance on the part of Stryker, and no opposition to the motion of Churchill, the county judge made an order committing Stryker to the Greene county jail until he should deliver to Churchill the books and papers belonging or appertaining to the office, or be discharged according to law. It is not claimed that the county judge made any note or entry of his holding the matter open and continuing it, and it must be assumed on this hearing his holding it open and continuing it was in his own mind, and was communicated to no one. Stryker had no notice, actual or other-

wise, that the proceeding was to be continued or taken up on the 17th day of January, 1903. A copy of the order of the Supreme Court vacating the injunction order was served upon his attorney by mail, but did not reach him until January 17, 1903, and he first learned of the continuance of that proceeding after a warrant had been issued and his client had been arrested.

Section 2471a of the Code of Civil Procedure provides that:

"At such time, or at any time to which the matter may be adjourned, on proof of the due service of the order, such justice or judge shall proceed to inquire into the circumstances."

The relator claims that he should be discharged from custody by virtue of this writ of habeas corpus because the proceeding, begun on December 24, 1902, was not adjourned to any definite or fixed time, but was only "held open" in the mind of the county judge; that he had no notice whatever of the time or place when that proceeding was to be continued; that he did not have "his day in court," or any opportunity to appear, with counsel or otherwise, to interpose a defense; and that, on account of the failure of the county judge to adjourn the proceeding to a definite time, he lost jurisdiction of the proceeding, and therefore he (the relator) is confined illegally. I believe this to be a sound and just proposition. Certainly if persons who commit felonies are accorded the right to be present in court at all times and to be confronted by witnesses when they are tried, and to be represented by counsel, and to have the benefit of all reasonable doubt that the presumption of innocence, when the liberty of the citizen is to be interfered with in instances where he is not charged with any crime he should have similar rights. I cannot conceive of any law which will give any court the right to deprive the citizen of his liberty without a fair opportunity to be heard and to take advantage of such rights and privileges as he may think himself entitled to. The Code of Criminal Procedure requires the presence of the defendant at all times during his trial in the case of a felony, and the courts have intimated that, in case of his absence without consent during any part of the examination, a conviction will be void. If this would invalidate a criminal trial, it seems to me the relator's utter ignorance of his peril in this proceeding should invalidate the action of the county judge. It is said by the counsel who opposes the discharge of the relator that he can procure his release instantly by conforming to the provisions of section 2471a, and presenting to the county judge an affidavit that he had delivered to the claimant all books and papers appertaining to the office that were in his custody. That may be true, but he is not called upon to do this. He is now contending before the Appellate Division, on his appeal from the order vacating the injunction which restrained the further prosecution of the proceeding before the county judge, that such injunction was improperly vacated, and he should not be compelled by force or sharp practice to surrender his attitude before that court. Had he been represented by counsel, or had an opportunity to appear before the county judge, he might have obtained a stay of proceedings under the order made by the county judge, either from him or the justice vacating the injunction order,

until the determination of his appeal by the Appellate Division. At all events, the opportunity would then have been afforded him of applying for such a stay. It is said by the counsel who opposes the discharge of the relator that the county judge did not lose his jurisdiction by "holding open" the hearing, and he quotes definitions and authorities showing that "holding open" means substantially adjourning the matter, and among the quotations he gives a definition found in Blackstone, as follows: "An adjournment is no more than a continuation of the session from one day to another, as the word itself signifies." But if this definition be adopted, even that was not done by the county judge, because the proceeding was not "held open" from one day to another, but was only "held open" in the mind of the judge, without any knowledge on the part of the other person as to when it would be continued; and the result of this method of adjournment, or, as the county judge styles it, "holding open," resulted in great hardship and jeopardy to the relator. It is to be observed the county judge was not by the injunction order restrained from adjourning the proceeding, either from one day to another or from one time to another; and, had he done that, Stryker would have had an opportunity to be advised of that fact, and of what would or might be done, should the injunction order be vacated. This statute should be strictly and literally construed in a matter of so great importance as this, and where such drastic and extreme measures are to be pursued. The statute ought always to be liberally construed in favor of the person whose liberty has been interfered with, and all doubts should be resolved in his favor. I believe by this system of "holding open" this proceeding, and by his failure to definitely adjourn as provided by statute, the county judge lost jurisdiction of the proceeding, and his order made January 17th was without jurisdiction, and therefore void.

There was also a failure to definitely describe, either in the order to show cause, or in the order directing a commitment to issue, or in the commitment itself, the books and papers which the relator was required to surrender. In the Devlin Case, 5 Abb. Prac. 315, this was held to be insufficient to justify the arrest of the party required to surrender books and papers. Following the reasoning in that case, and for the other reasons already stated, the relator is entitled to be discharged from custody, and an order to that effect should issue.

Relator discharged.